Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4253 | **DATE** | 9/17/12 |
| **CASE TITLE** | Richard Kupferschmidt (M-25549) v. Salvador Godinez, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The court authorizes the trust fund officer at Plaintiff's place of confinement to make deductions in accordance with this order The clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. Plaintiff's complaint is dismissed without prejudice to Plaintiff submitting an amended complaint in accordance with this order within 30 days of the date of this order. The clerk shall send Plaintiff an amended complaint form. Plaintiff's failure to comply timely with this order will result in the dismissal of this case. His motion for the appointment of counsel [4] is denied without prejudice.

■ [**For further details see text below.**]   Docketing to mail notices.

# STATEMENT

Plaintiff Richard Kupferschmidt (M-25549), an inmate incarcerated at Stateville Correctional Center, has filed this 42 U.S.C. § 1983 civil rights action concerning the lack of psychiatric care he received at the Cook County Jail in 2010. Naming 16 Defendants, Plaintiff contends that he attempted suicide three times at the jail and that officers refused his requests for emergency psychiatric care right after one attempt when he took 30 pills and after he cut his wrists and stomach with broken glass. Allegedly, his grievances seeking psychiatric care were also denied and/or ignored. Plaintiff seeks to file his complaint *in forma pauperis* and for the appointment of counsel.

Plaintiff's *in forma pauperis* application shows that he cannot prepay the $350 filing fee or an initial partial filing fee. The Court grants his motion for leave to proceed *in forma pauperis* and waives the initial partial filing fee. The inmate trust fund officer at Stateville Correctional Center is authorized and ordered to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee obligation, and Stateville inmate trust account officers shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred to another facility.
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

Under 28 U.S.C. § 1915A, the Court is required to conduct a preliminary review of an inmate's complaint. Although a claim of deliberate indifference to a serious medical need includes deliberate indifference to serious psychological needs and suicide risks, *see Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010); *Collins v. Seeman,* 462 F.3d 757, 760-61 (7th Cir. 2006), Plaintiff's complaint names 16 jail officers and officials, many of whom do not appear to be involved with Plaintiff's claims. Not every person who was aware that Plaintiff was suicidal is necessarily liable. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Although Plaintiff alleges that he directly requested psychiatric care from three or four officers (Malloy, Demar, Allen), other officers and officials are named simply because they worked the same shift of an officer who Plaintiff asked for help or because they were part of the grievance process. The claims against these officers are too speculative to give proper notice of the claims against them. *Id.*; *see also Brooks v. Ross*, 578 F.3d 574, 581-82 (7th Cir. 2009) (under the notice pleading requirement, a complaint must provide the defendant with notice of what the claim and the grounds upon which the claim rests and must indicate that plaintiff has a right to relief above the speculative level).

Rather than the court going through the claims alleged for each of the 16 Defendants, it is better that Plaintiff file an amended complaint that focuses his claims and either narrow the number officers he seeks to sue (the court's preferred route) or more clearly state the grounds for his claims against each Defendant. Accordingly, the complaint is dismissed without prejudice to Plaintiff submitting an amended complaint that complies with this order.

Plaintiff is advised that an amended complaint replaces a prior complaint and must stand complete on its own (though Plaintiff may refer to exhibits filed with his original complaint). The court will look only to the amended complaint, and not prior ones, to determine the claims and parties of this case. Plaintiff therefore must include all of the parties he seeks to sue in the amended complaint. Additionally, Plaintiff should submit with his amended complaint a judge's copy as well as a service copy for each named Defendant.

Plaintiff is given 30 days to submit an amended complaint in accordance with this order. The clerk shall forward an amended complaint form to Plaintiff. Plaintiff's failure to comply timely with this order will result in the dismissal of this suit.