# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4253 | **DATE** | 11/21/12 |
| **CASE TITLE** | Richard Kupferschmidt (M-25549) v. Salvador Godinez, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff may proceed with his amended complaint [9] against Cook County Jail Officers Allen and Malloy. The clerk shall issue summonses for service of the amended complaint on these Defendants and shall forward to Plaintiff a magistrate judge consent form and instructions for filing documents in this Court. The other Defendants listed in Plaintiff's amended complaint are dismissed.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

Plaintiff Richard Kupferschmidt (M-25549), an inmate currently incarcerated at Stateville Correctional Center, filed this 42 U.S.C. § 1983 civil rights action concerning Cook County Jail officers ignoring his requests for psychiatric care in July 2010. Plaintiff has submitted an amended complaint in accordance with the Court's September 17, 2012 order. The Court having conducted a preliminary review pursuant to 28 U.S.C. § 1915A, the amended complaint may proceed against Cook County Jail Officers Allen and Malloy. The other Defendants are dismissed.

Plaintiff again asserts that on July 9, 2010, he was depressed. Allegedly, Officer Allen refused Plaintiff's requests to refer him for a psychiatric evaluation, as well as his requests to see a sergeant. According to Plaintiff, Allen expressed that his shift was ending and that he did not want to address Plaintiff's problem. Plaintiff then took 30 Ibuprofen pills. Plaintiff told Allen he took 30 pills when Allen returned to lock Plaintiff in his cell. Allen allegedly again ignored Plaintiff. Sometime later, Plaintiff told Officer Malloy on the next shift that Plaintiff had taken 30 pills. Malloy allegedly ignored Plaintiff, at which time Plaintiff broke a light bulb and began cutting his wrist. He passed out and, upon regaining consciousness, began cutting his stomach. Malloy returned to Plaintiff's cell and, with the assistance of Officers Bonen, Demar, and Earl, assisted Plaintiff out of his cell, presumably to get him either medical or psychiatric attention. Of the above listed officers, Plaintiff may proceed against Allen and Malloy. *Estate of Miller, ex rel. Bertram v. Tobiasz* 680 F.3d 984, 989 (7th Cir. 2012) (setting out the standard for deliberate indifference to a serious psychological need, including a suicide risk). The other officers, according to Plaintiff, simply helped with escorting Plaintiff out of his cell. As noted in the Court's prior order, not every person who was aware that Plaintiff was suicidal is liable. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

In addition to the above listed officers, Plaintiff names Salvador Godinez (former Cook County Jail Executive Director), Superintendent Morecci, and Sergeant Young. Plaintiff alleges neither that they were personally involved nor that there was a custom or policy with inadequate psychiatric care or ignoring suicide risks. Instead, he seeks to hold these supervisory Defendants liable for the actions of their subordinate officers. Respondeat superior, however, does not apply in § 1983 cases, and supervisory officials cannot be held liable for the constitutional wrongs of their subordinates. *See Boyce v. Moore*, 314 F.3d 884, 888 (7th Cir. 2002). Defendants Godinez, Morecci, and Young are thus dismissed.
**(CONTINUED)**

isk

**STATEMENT (continued)**

The clerk shall issue summonses for service of the amended complaint on Cook County Jail Officers Allen and Malloy, and the U.S. Marshal is directed to serve them. The Marshal may forward to Plaintiff forms necessary to accomplish service. Plaintiff's failure to return forms to the Marshal may result in the dismissal of Defendants. If any Defendant is no longer employed or associated with Cook County Jail, officials there shall provide the last known address of that Defendant, which shall be used only to effectuate service and which shall neither be kept in the Court's file nor disclosed by the Marshal. The Marshal may attempt to obtain waivers of service pursuant to Fed. R. Civ. P. 4(d), but if unable to obtain waivers, personal service must be attempted.

Plaintiff must submit a judge's copy of all filings and must send a copy of all filings to Defendants, or to their attorney, after one enters an appearance on their behalf. Plaintiff must include a certificate of service with each filing that states to whom and the date copies were mailed. Letters sent directly to the judge, as well as any submissions to the Court that do not comply with the Court's instructions, may be returned to Plaintiff without being filed.